RUTKIN & WOLF PLLC
Jason M. Wolf (JW-6332)
203 East Post Road
White Plains, New York  10601
(914) 358-5333

*Attorney for Plaintiff Mediamorphosis, LLC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MEDIAMORPHOSIS, LLC,

      Plaintiff,

 -against-

LYCAMOBILE USA INC.,

      Defendant.

-----------------------------------------------------------X

JURY TRIAL DEMANDED

Index No.:

**COMPLAINT**

   Plaintiff, by and through its attorneys RUTKIN & WOLF PLLC, complaining of the Defendant alleges:

## **PARTIES**

   1. Plaintiff MEDIAMORPHOSIS, LLC is a limited liability company organized under and by virtue of the laws of the State of New York, with principal offices in the City of New York, County of Queens and State of New York.

   2. Upon information and belief, Defendant LYCAMOBILE USA INC. is a corporation organized under and by virtue of the laws of the State of Florida, having a principal place of business in the City of Newark, State of New Jersey.

   3. Upon information and belief, Defendant currently conducts business within the State of New York.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is based upon the residence of the Plaintiff.

**GENERAL ALLEGATIONS**

6. On or around May 24, 2013, Plaintiff and Defendant entered into a written contract wherein Plaintiff agreed to provide advertising and marketing services for Defendant in consideration of payment. (Copy of Contract annexed hereto as Exhibit "A").

7. From August 2013 through January 2014, and pursuant to the Contract between the parties, Plaintiff launched an advertising and marketing campaign for Defendant's business, consisting of the following:

   a. Production of posters and display on subway and train platforms in New York and New Jersey.

   b. Advertisements appearing on movie screens and in cinema lobbies.

   c. Television commercials airing on thirteen networks.

8. The agreed-upon price for the advertising and marketing services provided by Plaintiff, and referenced above in Paragraph 7, amounted to $384,597.64, which amount came due in the following increments:

   a. $199,031.81 invoiced on or around October 21, 2013.

   b. $8,000.00 invoiced on or around November 28, 2013.

   c. $51,149.83 invoiced on or around December 12, 2013.

   d. $94,812.00 invoiced on or around January 13, 2014.

   e. $31,604.00 invoiced on or around January 31, 2014.

9. In partial satisfaction of the October 21, 2013 invoice, Defendant tendered payment of $34,469.00 to Plaintiff. Defendant has not since tendered to Plaintiff any payment.

10. Plaintiff, over the course of its existence, has established business relationships with various print and television media outlets, including those outlets with whom Plaintiff contracted for the services provided to Defendant. The media outlets with whom Plaintiff has established a business relationship generally do not require Plaintiff to advance the expenses related to its clients' media campaigns. Rather, in the ordinary course of Plaintiff's dealings with these media outlets, the media outlets carry and run the advertisements for Plaintiff on a credit; not invoicing Plaintiff or requiring payment until after the advertisements are produced and ran.

11. Because Defendant has failed to pay Plaintiff the amount of $350,128.64, Plaintiff has not been able to make timely payments to the media outlets in exchange for their services in carrying, producing or running Defendant's advertisements. As a result, the media outlets involved with Defendant's campaign now require advance payment from Plaintiff in return for their services.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

12. Plaintiff realleges each of the allegations set forth in paragraphs 1 through 11 as if fully set forth herein.

13. The May 24, 2013 written agreement between the parties constitutes a valid contract, memorializing Defendant's acceptance of Plaintiff's offer. Plaintiff's promise to perform advertising and marketing services, and Defendant's promise to pay for those services, constitutes valid consideration.

14. Plaintiff has substantially performed under the contract by providing advertising and marketing services, which services are valued at $384,597.64. In exchange for Plaintiff's

significant efforts in providing these services, Defendant has tendered the insubstantial amount of $34,469.00. Defendant thus owes Plaintiff the unpaid remainder of $350,128.64.

15. Pursuant to the terms of the parties' contract, payment for services rendered and invoiced is due and owing thirty (30) days after Defendant's receipt of such invoice. Since all of the invoices relating to the above-captioned proceedings are dated between October 2013 and January 2014, Defendant has defaulted on his contractual obligations to Plaintiff.

16. Defendant's default on payments for the advertising and marketing services rendered by Plaintiff constitutes a material breach of the parties' contract. Plaintiff is therefore entitled to $350,128.64 in compensatory damages resulting from Defendant's breach of contract.

17. As a direct and foreseeable result of Defendant's breach of the contract between the parties, Plaintiff's business relationship with various media outlets, with whom Plaintiff contracted to carry out Defendant's advertising and marketing campaign, has deteriorated. The media outlets involved in Defendant's campaign are now requiring that Plaintiff advance payment for any and all future campaigns. The natural and foreseeable consequence of this more stringent requirement is that Plaintiff must require advance payments from its clients, or it will not be able to pay the advanced cost for advertising space with the media outlets.

18. In light of the foregoing, Plaintiff has lost significant business opportunities due to potential clients' unwillingness to advance the entire costs of Plaintiff's services. As a result of these lost opportunities, Plaintiff is entitled to consequential damages in the amount of $649,871.36.

### AS AND FOR A FIRST CAUSE OF ACTION
### (UNJUST ENRICHMENT)

19. Plaintiff realleges each of the allegations set forth in Paragraphs 1 through 18 as if fully set forth herein.

20. As set forth above, Defendant has knowingly and unjustly retained the benefit of Plaintiff's advertising and marketing services, valued at $350,128.64, to the detriment of the Plaintiff.

21. Defendant's retention of the benefit, provided by, and at great cost to Plaintiff, violates the fundamental principles of justice equity and good conscience. Plaintiff is therefore entitled to damages in the amount of $350,128.64.

WHEREFORE, Plaintiffs demands judgment against Defendant as follows:

1. awarding compensatory damages in the amount of $350,128.64 plus interest, based on Plaintiff's first and second causes of action.

2. awarding consequential damages in the amount of $649,871.36, based on Plaintiff's first cause of action.

Dated: White Plains, New York
February 1, 2016

RUTKIN & WOLF PLLC

By: _____
Jason Wolf, Esq.
203 East Post Road
White Plains, NY 10601
(914) 358-5333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X          JURY TRIAL DEMANDED
MEDIAMORPHOSIS, LLC,

                                      Index No.:

                       Plaintiff,

   -against-

LYCAMOBILE USA INC.,

                    Defendant.
------------------------------------------------------------X

## SUMMONS AND COMPLAINT

**RUTKIN & WOLF PLLC.**
Attorneys for Plaintiff
203 East Post Road
White Plains, NY  10601
(914) 358-5333

ATTORNEY CERTIFICATION (Signature Rule 130-1.1a)

   Dated: February 1, 2016

                                    _____
                                    Jason Wolf, Esq.